Mrs C.Patorno,Widow Jos.David,Appellant.

vs                                                      No.8714

Leon Bessarat and Al.

Charles F.Claiborne,Judge.

April 16th 1923 .

Court of Appeal

PARISH OF NEW ORLEANS

FILED April 16/23

[signature]

Charles F. Claiborne, Judge.

This is a suit for $5,812.50 for physical injuries.

The plaintiff alleges"that on the afternoon of December 5th 1921, at about 2.30 o'clock, while on field duty, that is district nursing, she was standing on the Lake side banquet of Bourbon Street, a few feet below the intersection of Governor Nicholls Street, talking to Mrs Drews, a friend of hers; that petitioner was standing with her back towards Governor Nicholls Street, facing towards downtown, when, without any previous warning she heard excited exclamations from some bystanders and then received a terrific blow which rendered her unconscious; that petitioner has since learned that she was struck by an automobile belonging to and driven by Leon Bessarat of this City, which was going down Bourbon Street at a high rate of speed and which, in swerving to avoid a collision with a truck belonging to one A. Riccobono, ran up onto the sidewalk and knocked petitioner down causing her the injuries hereinafter enumerated. Petitioner shows that she was entirely without fault and that her injuries are due solely to the gross negligence, carelessness, and recklessness of the driver of Mr Leon Bessarat's automobile and to the negligence, carelessness, and recklessness of the driver of the truck belonging to A. Riccobono; that the automobile was going down Bourbon Street and approaching the intersection of Governor Nicholls Street at an unlawful rate of speed and that the truck of A. Riccobono was likewise being driven at an unlawful rate of speed out Governor Nicholls Street; that as the two vehicles approached in the manner above described it became apparent to the driver of each that he could not stop in time to avoid a collision, and both the driver of the automobile

changed the course of their vehicles without warning and in utter disregard of the safety of your petitioner and others, and the automobile,as hereinabove stated,ran onto the Bourbon Street side-walk just below the intersection of Governor Nicholls Street and inflicted the injuries on your petitioner hereinafter described.That the truck belonging to A.Riccobono swerved around the corner of Bourbon Street and ran up onto the River side banquette of Bourbon Street at a point between 75 and 100 feet below the intersection.Your petitioner charges specifically that the truck belonging to A.Riccobono,while in his service and driven by his employee,approached Bourbon Street at a recklessly fast rate of speed in violation of the City Ordinances, and failed to observe the City ordinances with reference to stopping at such intersection and that the recklessness and want of skill on the part of the driver of the truck was a proximate contributing cause to the injury of your petitioner,and your petitioner further avers that the careless unskillful,and unlawful act of the aforementioned Leon Bessarat,owner of the automobile in running his car at a high rate of speed onto the banquette as hereinabove set forth was the proximate cause of plaintiff's injury.Your petitioner shows that the automobile of Mr Leon Bessarat struck her in the manner above described with such force that it threw her violently to the ground and rendered her unconscious;that she suffered severe bruises of the body and the bones of her left foot were broken.

That she has been under the doctor's care ever since and suffered great pain;that the injury to her left foot consisted of a fracture of the head of the third Metatarsal bone and the external cuneiform;and your petitioner is informed by her physicians that she will be compelled for a considerable time to wear a specially designed arch support and etc."

Plaintiff claims as damages against the two defendants,in solido:

| 1st | Loss of two and one half months's salary | $312.50 |
|-----|------------------------------------------|---------|
| 2nd | Doctor's bill | 500.00 |
| 3rd | Injury and pain | 5000.00 |
| | | $5812.50 |

The defendant Bessarat filed an answer.The case as to him has not yet been tried.

The other defendant A.Riccobono,filed the following exceptions;

1st        Misjoinder of parties defendants,

2nd        No cause of action as to him;

3rd        Petition is vague, general,and indefinite.

These exceptions were maintained by the trial Court,and the plaintiffs' suit,against Riccobono, was dismissed From that judgment the plaintiff has appealed.

I        If it is true,as alleged by the plaintiff,that her injuries were caused by the fault of both defendants,then they are liable to her, ~~joined as defendants in~~ solido,and they may be joined as defendants in the same suit.52 A 1243 (1247 )

In Cline vs RRD. 41 A 1031-the Court,on page 1040 said:" In all such cases,(offenses or quaso offenses),the right of the plaintiff to join in one suit,all parties to the reprobated act,may be regarded as elementary."

112 La 412-114 La 256 .

But the illegal joinder of a party defendant will not be ground for dismissal of the action as to the others 32 A 216 .

II        The theory upon which the plaintiff alleges liability on the part of Riccobono Is based upon the ancient English Squib case,where the original cause of the damage was held liable.

But the defendant argues that the doctrine of this case was never adopted in this State.

In the case of Latta vs N.O.Ry.Co. 131 La 272 Court said:

■

"Further along in the opinion the Court gives the following excerpt from Bishop,Non-Cont.Law S 45,referring to the leading and approved case of Scott vs Sheppard 2 W.Bl 892, 3 Wills 403; " The defendants threw a squib into an open market house where there were many people.It fell upon the standing of Yates,and another there instantly,to prevent injury to himself and Yates,threw it across the market house,and it fell upon the standing of Ryan,who instantly,for the same reason as before,sent it to another part of the market house,and it there took effect upon the plaintiff(and put his eye out). The intermediate throwings,it is perceived,were from an impulse, natural and to be expected,so that the disastrous result, through remote,was deemed a product of the original cause."

In Walker vs Rodriguez 139 La 251(254) the Court said: " Defendants deny that the automobile struck the plaintiff, and they argue that it may have struck her companion,who was thrown to one side,and in falling,he struck the plaintiff,and that she received her injuries in that way.But the preponderance of evidence shows that the automobile struck the plaintiff and knocked her down;and even if this were not so,and she was struck by her companion,who in turn,had been thrown to the ground by the machine of defendants,they the defendants,would still be liable." See also 13 Cyc. P.25 note  54 -29 Cyc.p 491 499-500-501- .

The plaintiff charges that the defendant Ricoobono, in violation of City ordinances,rushed at full speed into Bourbon Street from a cross street and that in an effort to avoid him,Bessarat suddenly and impulsively swerved to the left, and in so doing without intention or fault,ran into the plaintiff and injured her.For the purposes of the exception we must admit that those allegations are true.If they are true,they establish a cause of action in the plaintiff against Riccobono.

III        The petition sufficiently informs the defendant of the nature and amount of grievances complained of,and divides his

damages ,and claims specific amounts for each item.This is more than was necessary. 36 A 551-50 A 767-52 A 1442 .

It is therefore ordered that the judgment herein be reversed and set aside;that the exceptions herein filed be overruled,and that this cause be remanded to the District Court for trial upon the merits in accordance with law and the views herein expressed;the costs of Appeal to be paid by defendant A.Riccobono,and the costs of the lower Court to await the final decision in this case.

Judgment reversed and case remanded.